IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

COX'S PARADISE LLC, as assignee,

     PLAINTIFF,

VS.

                               CAUSE NO:_____

                               JURY TRIAL DEMANDED

NORTHFIELD INSURANCE COMPANY

     DEFENDANT.

---

## COMPLAINT FOR DAMAGES[1]

---

COMES NOW Plaintiff, Cox's Paradise LLC, in the above-captioned cause of action and hereby submits the following for its Complaint against Defendant, Northfield Insurance Company:

### I.     PARTIES TO PROCEEDINGS

1.     Plaintiff Cox's Paradise, LLC as assignee ("Plaintiff") is a Nevada limited liability company with its principal place of business located at 1441 South Church Street, Halls, Tennessee 38040 ("Insured Premises").

2.     Defendant Northfield Insurance Company ("Defendant") is a corporation organized in Minnesota with its principal place of business in St. Paul, Minnesota. At all times pertinent hereto, Defendant advertised, marketed, sold and

---

[1] This lawsuit stems from a prior voluntarily dismissed lawsuit with case number 2:22-cv-2283-MSN-atc.

was otherwise in the business of offering policies of insurance to Lauderdale County citizens and citizens across Tennessee.   Defendant can be served through the Commissioner of Insurance at 500 James Robertson Pkwy, Nashville, Tennessee or via its President/Nominee, 385 Washington Street, St. Paul, MN 55102.

## II.   JURISDICTION AND VENUE

3.   Defendant is duly licensed to sell Policies of Insurance in Tennessee. At all times pertinent hereto, Defendant advertised, marketed, sold and otherwise offered policies of insurance to citizens of Lauderdale County, Tennessee. This Court has personal jurisdiction over the Defendant.

4.   This action arises under Tennessee Common and Statutory Law, in an amount not to exceed $3,000,000.00, over which, this Court has Subject Matter Jurisdiction pursuant to 28 USC § 1332 (Diversity).

5.   The subject Insured Premises, as well as the bulk of the witnesses are located in Lauderdale County. The majority of the facts and circumstances that gave rise to this suit occurred in Lauderdale County. Venue is proper pursuant to 28 USC § 1391.

## III.   STATEMENT OF THE CASE

6.   DLA, LLC ("assignor") purchased a Policy of Insurance from Defendant to cover the Insured Premises that was in full force and effect on the date of this event. The policy number is WS280071. See Exhibit 1 - Policy

7.   Defendant agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as evidenced by the Policy.

8. At all times pertinent hereto the Policyholder, DLA LLC, timely paid, and Defendant accepted, consideration in the form of premium payments.

9. The Insured Premises was well maintained and free from significant deterioration or preexisting damage.

10. On or about July 17, 2020, a certain severe weather event, which included high velocity winds and large hail, seriously damaged the Insured Premises.

11. DLA, LLC timely filed a claim with Defendant. The claim number assigned was F3C3322.

12. William Griffin, a public adjuster, prepared an estimate of the cost of repairs/replacements and DLA, LLC submitted a Sworn Proof of Loss.

13. On December 9, 2020 DLA, LLC effectively assigned its post-loss claim rights to Plaintiff. See Exhibit 2 Real Estate Purchase Contract, at paragraph 17.

14. Damage from wind and hail are covered perils. Defendant admitted there was covered damage from wind but significantly undervalued the claim.

15. Plaintiff has demanded payment from Defendant on numerous occasions, but Defendant has willfully refused to pay Plaintiff pursuant to the Policy of Insurance.

16. On September 30, 2022, Plaintiff invoked the appraisal clause in writing and Defendant, on November 11, 2022 agreed to the "appraisal process, as set out in the applicable language of the policy;" however, the parties' (prior) appraisers were unable to agree on an appraisal Umpire.

17. All conditions precedent to the filing of this action have been complied with, met or otherwise waived and/or Defendant's repudiation of further coverage for

this covered loss, by operation of law, relieves Plaintiff from any further compliance with any and all conditions precedent

## IV.   CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT

18.   Plaintiff hereby incorporates paragraphs 1-17 by reference as if stated herein verbatim.

19.   Plaintiff brings this action for Breach of Contract.

20.   Defendant agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as evidenced by the Policy of Insurance. Wind and hail are perils not excluded under the Policy of Insurance.

21.   At all times pertinent hereto DLA, LLC timely paid and Defendant accepted consideration in the form of premium payments.

22.   The Insured Premises were seriously damaged by an extremely high velocity wind and hail storm compromising Plaintiff's Insured Premises, including, but not limited to, its roofing system and siding, allowing moisture infiltration.

23.   Plaintiff timely filed a claim with Defendant.  William Griffin, a public adjuster, completed an estimate of the necessary costs of repairs/replacements and a Sworn Proof of Loss was submitted to Defendant.

24.   Defendant at least admits there was covered wind damage but significantly undervalued the loss.

26.   Defendant refuses to pay the true amount of the loss, which is a material breach of the agreement.  Specifically, Defendant's breach of contract includes the following, without limitations: (a) Defendant's failure and refusal to pay the amounts

owed to Plaintiff for the Loss under the dwellings and structures coverage afforded by the Policy; and (b) Defendant's failure and refusal to pay such other amounts as may be required by the Policy.

27.    Defendant's failure in its duty to pay is the cause and proximate cause of Plaintiff's injuries and damage.

28.    Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange,* 436 S.E.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt and fair investigation concerning the issues surrounding Plaintiff's claim for insurance proceeds; (3) unjustly refused and/or failed to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) refused full payment on Plaintiff's claim for no valid reason whatsoever; (5) failed to treat Plaintiff's interests with equal regard to its own; (6) promised prompt action and claim-handling, but then failed to provide full payment; (7) failed and refused to pay for obvious damage caused by the Loss; (8) failed to timely investigate, scope, and estimate the Loss; (9) knew the true facts that the dwellings and structures were damaged but ignored certain damaged areas for which no compensation has been paid; (10) failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims; (11) forced Plaintiff to file suit to enforce its rights under the Policy; and (13)

such other facts and circumstances as alleged in this lawsuit and/or to be determined during the discovery and which will be shown at trial.

29.    Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due to it under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing, or willfully disregarding, the probability of causing unjust and cruel hardship on the Plaintiff, Defendant consciously ignored Plaintiff's valid claim and then partially denied Plaintiff's claim and withheld monies and benefits rightfully due Plaintiff.

30.    Plaintiff seeks and is entitled to punitive damages.

## COUNT II – BAD FAITH

31.    The allegations contained in the above paragraphs are incorporated herein by reference as if set forth verbatim.

32.    Defendant's refusal to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to T.C.A. § 56-7-105 in that more than sixty (60) days have passed since the pre-suit demand(s) have been made on Defendant and full payment has not been made for the Loss as required pursuant to the Policy for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

33.    At a minimum, the bad faith of Defendant is evidenced by the fact that, at all times material hereto Defendant knew, or reasonably should have known that Plaintiff was justifiably relying on the money and benefits due under the terms

of the Policy and as otherwise promised and represented by Defendant, as well as the actions of Defendant set forth above and below. Nevertheless, acting with a conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully pay Plaintiff for its insured losses and withheld monies and benefits rightfully due to Plaintiff.

34.    Defendant's bad faith is evidenced by, at a minimum, all of the facts and allegations set forth above and below in this Complaint, together with the following:

a.    Defendant's intentional failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when liability was reasonably clear;

b.    Defendant's intentional refusal to fully pay Plaintiff's claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

c.    Defendant's intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before declaring that it had no further obligations to Plaintiff;

d.    Defendant's failure to promptly provide Plaintiff with a reasonable and accurate explanation for its refusal to pay its claim;

e.    Defendant's intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for its losses;

f.    Defendant's intentional failure to pay all amounts due and owing

to Plaintiff under the Policy with no reasonable or justifiable basis;

g.      Defendant's unjustified refusal to pay Plaintiff's claim for its own financial preservation;

h.      Defendant's wrongful, intentional and repeated withholding of benefits due to Plaintiff pursuant to the terms of the Policy; and

i.      Defendant's engaging in a systematic scheme designed to save money otherwise due and owing to Plaintiff as a cost-saving mechanism.

35.     As such and in so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests and should be punished via the twenty-five percent (25%) bad faith penalty authorized by Tennessee statute.

<u>Damages</u>

**WHEREFORE**, as a direct, producing, and proximate cause of Defendant, Northfield Insurance Company, Plaintiff respectfully request that this Honorable Court award a judgment to Plaintiff as follows:

A.      For a fair and reasonable amount to be determined by the jury not to exceed $3,000,000.00 for compensatory damages to Plaintiff against Defendant to include, but not be limited to, those pled herein and available under the Policy, as well as consequential damages;

B.      For punitive damages against Defendant in an amount to be determined by the jury, but not to exceed nine (9) times the amount of compensatory damages awarded to Plaintiff, or such other amount as allowed by law;

C.      For an Order compelling Defendant to properly proceed with

appraisal and for the appointment of an appraisal umpire as the Appraisers have failed to agree on an Umpire;

D. For the twenty-five percent (25%) bad faith penalty to be imposed pursuant to Tennessee law (T.C.A. § 56-7-105);

E. For all costs incurred by the Plaintiff as a result of this action, including but not limited to, discretionary costs and where applicable, attorneys' fees and costs;

F. For pre and post judgement interest pursuant to law; and

G. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 24, 2024

Respectfully submitted,
**THE FARBER LAW FIRM**
2199 Ponce de Leon Blvd. Suite, 301
Coral Gables, FL 33134
Telephone: (305) 774-0134
Facsimile:   (305) 774-0135
Primary: dfarber@dfarberlaw.com
Secondary: pleadings@dfarberlaw.com

By:    /s/ David S. Farber
David S. Farber
Florida Bar Number 0370230
Admitted to the Western
District of Tennessee
Practice Pending Admission
Pursuant to Tenn. Sup. Ct. R. 7,
Sec 10.07